IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

F I L E D
UNITED STATES DISTRICT COURT
DENVER, COLORADO

MAY 23 2006

GREGORY C. LANGHAM
CLERK

Civil Action No. 06-cv-00741-BNB

JAMES ARLEN CHILDS,

    Plaintiff,

v.

JOE ORTIZ,
BARRY PARDUS,
DENNIS BURBANK,
RANDY FOSHEE,
WILLIAM RICHTER,
T. KEELER,
LT. HOLCOMB,
DONNA MURPHY, et al.,
STEVE OWENS,
DONALD MCCALL,
JIM BROWN,
SGT. SIMMONS,
SGT. MEYER,
PHIL MARMALEJO,
JULIE RUSSELL,
JASON ELSE,
ANTHONY A. DECESARO,
KAREN COOPER,
MICHAEL ARELLANO, and
LARRY REID,

    Defendants.

## ORDER TO FILE AMENDED COMPLAINT AND TO SHOW CAUSE

Plaintiff James Arlen Childs is a prisoner in the custody of the Colorado Department of Corrections (DOC) who currently is incarcerated at the Centennial Correctional Facility in Cañon City, Colorado. He filed *pro se* a complaint pursuant to 42 U.S.C. § 1983 (2003), 28 U.S.C. § 1343 (1993), and other statutory authority whose

relevance to his claims he fails to explain. He asks for money damages and unspecified injunctive and declaratory relief.

The Court must construe the complaint liberally because Mr. Childs is representing himself. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be the *pro se* litigant's advocate. *Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Childs will be ordered to file an amended complaint and to show cause why the complaint should not be dismissed for failure to exhaust the DOC's three-step administrative grievance procedure.

Mr. Childs asserts six claims with various subclaims. He generally alleges that he has been denied the right to (1) bodily privacy from viewing by female guards while using toilet facilities and undressing, (2) bodily privacy from frisk searches and from having his genitals fondled, (3) administrative procedures in the initial preparation and filing of disciplinary charges and to fair disciplinary proceedings, (4) be free from the deprivation of personal property, (5) have privileged incoming legal mail opened in his presence, and (6) have access to the courts.

Mr. Childs fails to provide a short and plain statement of the grounds upon which the Court's jurisdiction depends. *See* Fed. R. Civ. P. 8(a)(1). He also fails to allege which claim is asserted pursuant to which statute. Mr. Childs also must assert clearly each defendant's personal participation in the alleged constitutional violations. Personal participation is an essential allegation in a civil rights action. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976). To establish personal participation,

the plaintiff must show that each defendant caused the deprivation of a federal right. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). A defendant, such as Joe Ortiz, DOC executive director, may not be held liable merely because of his or her supervisory position. *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986); *McKee v. Heggy*, 703 F.2d 479, 483 (10th Cir. 1983).

In addition, it appears that Mr. Childs has failed to exhaust each of his claims through the DOC grievance system. Pursuant to 42 U.S.C. § 1997e(a) (Supp. 2005), "[n]o action shall be brought with respect to prison conditions under . . . any . . . Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." An inmate must exhaust administrative remedies before seeking judicial relief regardless of the relief sought and offered through administrative procedures, *see Booth v. Churner*, 532 U.S. 731, 739 (2001), and regardless of whether the suit involves general circumstances or particular episodes. *See Porter v. Nussle*, 534 U.S. 516, 532 (2002).

Mr. Childs is a prisoner confined in a correctional facility. The claims he asserts relate to prison conditions. Therefore, he must exhaust the available administrative remedies. Furthermore, 42 U.S.C. § 1997e(a) "imposes a pleading requirement on the prisoner." *Steele v. Fed. Bureau of Prisons*, 355 F.3d 1204, 1210 (10th Cir. 2003). To satisfy the burden of pleading exhaustion of administrative remedies, Mr. Childs

3

must "either attach copies of administrative proceedings or describe their disposition with specificity." *Id.* at 1211. Finally, § 1997e(a) imposes a total exhaustion requirement on prisoners. *See Ross v. County of Bernalillo*, 365 F.3d 1181, 1189 (10th Cir. 2004). Therefore, if Mr. Childs has failed to exhaust administrative remedies for any one of his claims, the entire complaint must be dismissed. Mr. Childs only appears to have exhausted his allegations concerning medical co-payment rate increases and charges for photocopies, subclaims of his property claims.

The DOC grievance procedure available to Mr. Childs and to all inmates, *see* DOC Administrative Regulation 850-4, Grievance Procedure, applies "to a broad range of complaints including, but not limited to: policies and conditions within the institution that affects [sic] the offender personally, actions by employees and offenders, and incidents occurring within the institution that affects [sic] the offender personally." DOC Administrative Regulation 850-4, Grievance Procedure at IV.B.1.h.

To exhaust administrative remedies under the prison grievance procedure, an inmate must complete the three-step formal grievance procedure. *See* DOC Administrative Regulation 850-4, Grievance Procedure at IV.D. The response at the third and final step of the formal grievance process certifies that the grievance procedure has been exhausted. *See* DOC Administrative Regulation 850-4, Grievance Procedure at IV.D.4.c. and g. Therefore, Mr. Childs will be ordered to show cause why the complaint should not be dismissed for failure to exhaust the DOC's three-step administrative grievance procedure.

4

Finally, Mr. Childs is advised that he must provide sufficient copies of the amended complaint to serve each named defendant.  The Court will not make the copies necessary for service.  Therefore, Mr. Childs should review his claims carefully to ensure that each named defendant personally participated in the asserted constitutional violations.  Accordingly, it is

ORDERED that Mr. Childs file **within thirty (30) days from the date of this order** an original and a copy of an amended complaint that complies with the directives in this order and that shows cause why the complaint should not be dismissed for failure to exhaust the Colorado Department of Corrections' three-step administrative remedy procedure.  It is

FURTHER ORDERED that the amended complaint shall be titled "Amended Prisoner Complaint," and shall be filed with the Clerk of the Court, United States District Court for the District of Colorado, Alfred A. Arraj United States Courthouse, 901 Nineteenth Street, A105, Denver, Colorado 80294.  It is

FURTHER ORDERED that the clerk of the Court mail to Mr. Childs, together with a copy of this order, two copies of the following form for use in submitting the amended complaint:  Prisoner Complaint.  It is

FURTHER ORDERED that Mr. Childs submit sufficient copies of the amended complaint to serve each named defendant.  It is

FURTHER ORDERED that, if Mr. Childs fails to comply with this order to the Court's satisfaction within the time allowed, the complaint and the action will be dismissed without further notice.

DATED May 23, 2006, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

## CERTIFICATE OF MAILING

Civil Action No. 06-cv-00741-BNB

James A. Childs
Prisoner No. 44876
Centennial Corr. Facility
P.O. Box 600 -Unit C2-6
Canon City, CO 81215

    I hereby certify that I have mailed a copy of the **ORDER and two copies of the Prisoner Complaint** to the above-named individuals on____5-23-06____

GREGORY C. LANGHAM, CLERK

By:_____
       Deputy Clerk